**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5161**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

HERBERT DEVAUGHN, a/k/a WOP,

Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:10-cr-00078-IMK-1)

Argued:  May 15, 2013                 Decided:  June 6, 2013

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion, in which Judge Wilkinson and Judge Motz joined.

**ARGUED:**   Scott Charlton Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant.  Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.  **ON BRIEF:**   William J. Ihlenfeld, II, United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Herbert DeVaughn was convicted of 11 counts related to his role in a conspiracy to distribute heroin and his distribution of cocaine base, and he was sentenced to 360 months imprisonment. He now appeals both his convictions and his sentence. For the following reasons, we affirm.

I.

Because the government prevailed at trial, we review the evidence in the light most favorable to the government. United States v. Jefferson, 674 F.3d 332, 341 n.14 (4th Cir. 2012). From 2007 through 2010, DeVaughn led a conspiracy to distribute heroin. During this time period, DeVaughn personally distributed heroin and cocaine base, and he also used an individual under 18 years of age to assist with his crimes.

DeVaughn was indicted and convicted on 11 counts for his involvement in this drug distribution scheme. The district court then sentenced him to 360 months imprisonment. The length of the sentence reflected the district court's determinations that DeVaughn had distributed or conspired to distribute between one and three kilograms of heroin, had been a leader of the criminal activity, and had used an individual under 18 years of age to assist with his crimes.

II.

DeVaughn challenges his convictions by asserting that the district court erred when it denied his motion to strike two potential jurors. DeVaughn moved to strike the potential jurors because they worked in law enforcement, and, therefore, he believed they could not be impartial. The district court denied the motion, and DeVaughn then used peremptory challenges to strike the two potential jurors. We ordinarily review a district court's denial of a motion to strike potential jurors under an abuse-of-discretion standard. Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989). Here, however, we need not determine whether the district court abused its discretion because the Supreme Court has held that a district court's refusal to strike jurors for cause is not reversible error if the defendant cures it by exercising peremptory challenges, which DeVaughn did here. United States v. Martinez-Salazar, 528 U.S. 304, 307 (2000). Thus, even if the district court erred by denying the motion, the error is not reversible. Id. Accordingly, we affirm DeVaughn's convictions.

III.

We turn next to DeVaughn's challenge to his sentence. In reviewing DeVaughn's sentence, we apply a "'deferential abuse-of-discretion standard,'" reviewing factual findings for clear error, and legal conclusions de novo. United States v. Davis,

679 F.3d 177, 182 (4th Cir. 2012) (quoting Gall v. United States, 552 U.S. 38, 40 (2007)). Because we find no legal error or clearly erroneous factual determination, we affirm DeVaughn's sentence.

A.

DeVaughn first contends that the district court miscalculated the quantity of heroin he distributed. The district court determined that DeVaughn distributed between one and three kilograms of heroin, which set the base offense level at 32. U.S.S.G. § 2D1.1(c)(4). The district court based this finding on the testimony of witness Amanda Borror. DeVaughn contends that Borror's testimony was not credible because (1) approximately five years passed between the time she began purchasing heroin from DeVaughn and the time she testified and (2) she was a habitual heroin user, which must have impaired her memory. However, no authority compels district courts to discredit a witness's testimony because of drug use or the passage of time, and, in general, we give "great deference" to the credibility determinations district courts make at sentencing. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009) (internal quotation marks omitted). Thus, we do not believe that the district court's decision to rely upon Borror's testimony rendered its factual finding as to the drug quantity clearly erroneous.

4

B.

DeVaughn next contends that the district court erred by enhancing his offense level by four points because of his role as the "organizer or leader of a criminal activity that involved five or more participants." U.S.S.G. § 3B1.1(a). At sentencing, the district court recited the factors the Sentencing Guidelines instruct courts to consider in applying this enhancement and determined that DeVaughn was "clearly the organizer and the . . . leader in this criminal activity." J.A. 564. The district court noted in particular that DeVaughn recruited accomplices and planned and organized drug sales, both of which are relevant factors under Application Note 4 to U.S.S.G. § 3B1.1(a).

On appeal, DeVaughn acknowledges that the evidence supported the district court's factual determinations that he recruited accomplices and planned and organized the drug sales, and he does not contest the district court's conclusion that the criminal activity involved five or more participants. Instead, DeVaughn points out that several factors mentioned in Application Note 4 do not apply to this case and that he did not engage in all types of activity one may expect from the leader of a drug conspiracy, such as renting houses to use for drug distribution, supplying cell phones to his subordinates, or assisting subordinates with legal issues. However, U.S.S.G. §

5

3B1.1(a) does not indicate that all factors from Application Note 4 must be present or that a defendant must engage in all types of activity associated with being the leader or organizer of criminal activity for the enhancement to apply. We find no basis for adopting such a rule, and we therefore conclude that the district court did not err by applying the enhancement.

C.

DeVaughn next contends that the district court erred by enhancing his offense level by two points under U.S.S.G. § 3B1.4 for using a minor to assist in his crimes. DeVaughn notes that he was convicted under 21 U.S.C. § 861(a)(1) for using a minor to assist with his crimes, and he contends that it was improper to enhance his offense level under U.S.S.G. § 3B1.4 for the same conduct.

Because DeVaughn did not object to the U.S.S.G. § 3B1.4 enhancement at sentencing, we review the district court's application of the enhancement for plain error. See United States v. Wallace, 515 F.3d 327, 331–32 (4th Cir. 2008). To obtain relief under plain-error review, DeVaughn must establish that "the district court erred, that the error was plain, and that it affected his substantial rights." United States v. Robinson, 627 F.3d 941, 954 (4th Cir. 2010) (internal quotation marks and alterations omitted). DeVaughn acknowledged at oral argument that the theory he advances here—that one may not be

convicted under 21 U.S.C. § 861(a)(1) and also have his offense level enhanced under U.S.S.G. §3B1.4—is a novel one.  Thus, even if we were to agree with DeVaughn and conclude that the district court erred by allowing the enhancement, we would not conclude that the error was plain.  U.S. v. Trejo, 610 F.3d 308, 319 (5th Cir. 2010) ("novel" claims and claims that are "not entirely clear under the existing case authority" may not prevail under plain-error review) (internal quotation marks omitted).  Thus, we find no reversible error.

IV.

For the foregoing reasons, we affirm DeVaughn's conviction and his sentence.

AFFIRMED